UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>MICHAEL ROBERT OSBORN; LAURA DENISE RUSSELL; TROY THOMAS WHEELER; and ANGELA MARIE KLINKHAMMER,<br><br>　　Defendants. | Case No. 1:21-cr-00158-DCN<br><br>**ORDER CONTINUING TRIAL READINESS CONFERENCE AND TRIAL** |

　　The Court has before it Defendant's Unopposed Motion to Vacate and Reset Jury Trial. Dkt. 56. Defense counsel explains that he needs additional time to complete his investigation, review discovery and prepare for trial. The Government does not oppose the motion.

　　Under all these circumstances, the Court finds that a continuance is needed to give defense counsel an opportunity to provide an effective defense. Thus, a continuance is warranted under 18 U.S.C. § 3161(h)(7)(B)(iv), which authorizes a finding of excludable time when the refusal to grant a continuance would "deny counsel for the defendant . . . the reasonable time necessary for effective preparation . . . ." Under these circumstances, the interests of justice in allowing the defense time for effective preparation outweighs

the defendant's and the public's interest in a speedy trial under 18 U.S.C. § 3161(h)(7)(A). The Court finds that the period of time between the filing of the motion (Dkt. 56) and the new trial date is excludable time under the Speedy Trial Act.

Co-defendants, Laura Russell, Troy Wheeler, and Angela Klinkhammer, have not moved for a continuance. However, they do not oppose the motion. Under the Speedy Trial Act, 18 U.S.C. § 3161(h)(6), excludable time exists for "a reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted." No motion for severance has been filed. Accordingly, pursuant to 18 U.S.C. § 3161(h)(6), the Court finds that the excludable time found for the defendant moving for a continuance also applies to the co-defendant. Thus, the co-defendants will have their trial continued as well. Accordingly,

NOW THEREFORE, IT IS HEREBY ORDERED that the Unopposed Motion to Vacate and Reset Jury Trial (Dkt. 56) shall be, and the same is hereby **GRANTED**, and that the present trial date be VACATED **for all Defendants**, and that a new trial be set for **August 15, 2022 at 1:30 p.m.** in the U.S. Courthouse in Boise, Idaho.

IT IS FURTHER ORDERED that the period of time between the filing of the motion (Dkt. 56) and the new trial date be deemed EXCLUDABLE TIME under the Speedy Trial Act, 18 U.S.C. § 3161(h)(6) and (7)(A) & (B).

IT IS FURTHER ORDERED that the current trial readiness conference be VACATED, and that a new trial readiness conference be conducted by telephone on **August 2, 2022 at 4:00 p.m. (MST)** The Government shall place the call to (208) 478-8391 with opposing counsel on the line.

ORDER CONTINUING TRIAL READINESS CONFERENCE AND TRIAL - 2

IT IS FURTHER ORDERED that all pretrial motions, except Motions in Limine, shall be filed on or before **July 1, 2022.** Motions in Limine shall be filed on or before **July 16, 2022**.

DATED: April 13, 2022

David C. Nye
Chief U.S. District Court Judge