JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
CHRISTOPHER S. ATWOOD, IDAHO STATE BAR NO. 7013
ERIN C. BLACKADAR, IDAHO STATE BAR NO. 8996
ASSISTANTS UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211

U.S. COURTS

SEP 14 2022

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | Case No. 1:21-cr-00158-DCN |
|---|---|
| Plaintiff, | **SUPERSEDING INDICTMENT** |
| vs. | |
| MICHAEL ROBERT OSBORN, LAURA DENISE RUSSELL, TROY THOMAS WHEELER, and ANGELA MARIE KLINKHAMER, | 18 U.S.C. § 1956<br>21 U.S.C. § 841(a)(1), (b)(1)(C)<br>21 U.S.C. § 846<br>21 U.S.C. § 853 |
| Defendants. | |

The Grand Jury charges:

### COUNT ONE

**Conspiracy to Distribute Controlled Substances
21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846**

Between October 1, 2019, and continuing thereafter until March 22, 2021, in the District of Idaho, and elsewhere, the Defendants, MICHAEL ROBERT OSBORN, LAURA DENISE RUSSELL, TROY THOMAS WHEELER, and ANGELA MARIE KLINKHAMER, knowingly and intentionally conspired and agreed with each other and other unnamed individuals, to

**SUPERSEDING INDICTMENT** - 1

commit the following offenses against the United States: distribution of controlled substances including alpha-pyrrolidinohexanophenone (a-PHP), a Schedule I controlled substance, methamphetamine, a Schedule II controlled substance, and heroin, a Schedule I controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), and 846.

## COUNT TWO

### Conspiracy to Commit Money Laundering
### 18 U.S.C. § 1956

Between October 1, 2019, and continuing thereafter until March 22, 2021, in the District of Idaho, and elsewhere, the Defendants, MICHAEL ROBERT OSBORN, LAURA DENISE RUSSELL, and ANGELA MARIE KLINKHAMER, knowingly and intentionally conspired and agreed with each other and other unnamed individuals, to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which in fact involved the proceeds of specified unlawful activity, that is, the conspiracy to distribute controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), and 846, with the intent to promote the carrying on of said unlawful activity and knowing that the transaction was designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, and the control of the proceeds of said specified unlawful activity, and while knowing that the property involved in the financial transactions represented the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 1956(h).

//

//

//

//

**SUPERSEDING INDICTMENT - 2**

## CRIMINAL FORFEITURE ALLEGATIONS

### Drug Forfeiture
### 21 U.S.C. § 853

Upon conviction of the offense alleged in Count One of this Superseding Indictment, the Defendants, MICHAEL ROBERT OSBORN, LAURA DENISE RUSSELL, TROY THOMAS WHEELER, and ANGELA MARIE KLINKHAMER, shall forfeit to the United States any and all property, real and personal, tangible and intangible, consisting of or derived from any proceeds the said Defendants obtained directly or indirectly as a result of the foregoing offense; and any and all property, real and personal, tangible and intangible, used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the foregoing offense. The property to be forfeited includes, but is not limited to, the following:

1. <u>Seized Property</u>. Approximately 7.83777659 BTC (bitcoin) seized using seed words beginning with Dilemma and ending with gauge seized on or about January 19, 2021.

2. <u>Unrecovered Cash Proceeds and/or Facilitating Property</u>. The Defendants obtained and controlled unrecovered proceeds of the offense of conviction, or property derived from or traceable to such proceeds, and property the Defendants used to facilitate the offense (if facilitation is alleged), but based upon actions of the Defendants, the property was transferred, diminished, comingled, or is otherwise unavailable.

3. <u>Substitute Assets.</u> Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, "or any other property of the defendant" up to the value of the Defendants' assets subject to forfeiture. The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

   a. Cannot be located upon the exercise of due diligence;

   b. Has been transferred or sold to, or deposited with, a third person;

**SUPERSEDING INDICTMENT - 3**

c. Has been placed beyond the jurisdiction of the court;

d. Has been substantially diminished in value; or

e. Has been commingled with other property which cannot be subdivided without difficulty.

## Money Laundering
## 18 U.S.C. § 982(a)(1)

Upon conviction of the offense alleged in Count Two of this Superseding Indictment, the Defendants, MICHAEL ROBERT OSBORN, LAURA DENISE RUSSELL, and ANGELA MARIE KLINKHAMER, shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

1. <u>Seized Property</u>. Approximately 7.83777659 BTC (bitcoin) seized using seed words beginning with Dilemma and ending with gauge seized on or about January 19, 2021.

2. <u>Unrecovered Cash Proceeds and/or Facilitating Property</u>. The Defendants obtained and controlled unrecovered proceeds involved in such offense, but based upon actions of the Defendants, the property was transferred, diminished, comingled, or is otherwise unavailable.

3. <u>Substitute Assets.</u> Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, "or any other property of the defendant," up to the value of the Defendants' assets subject to forfeiture. The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

a. Cannot be located upon the exercise of due diligence;

b. Has been transferred or sold to, or deposited with, a third person;

**SUPERSEDING INDICTMENT - 4**

      c.      Has been placed beyond the jurisdiction of the court;

      d.      Has been substantially diminished in value; or

      e.      Has been commingled with other property which cannot be subdivided without difficulty.

Dated this 13th day of September, 2022.

A TRUE BILL

/s/ [signature on reverse]
_____
FOREPERSON

JOSHUA D. HURWIT
UNITED STATES ATTORNEY
By:

_____
CHRISTOPHER S. ATWOOD
ERIN C. BLACKADAR
ASSISTANTS UNITED STATES ATTORNEY

**SUPERSEDING INDICTMENT** - 5