JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
WILLIAM M. HUMPHRIES, IDAHO STATE BAR NO. 11709
CHRISTOPHER S. ATWOOD, IDAHO STATE BAR NO. 7013
ERIN C. BLACKADAR, IDAHO STATE BAR NO. 8996
DISTRICT OF IDAHO
1290 W. MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL ROBERT OSBORN, <br><br> Defendant. | Case No. 1:21-CR-00158-DCN-001 <br><br> **MOTION FOR PRELIMINARY ORDER OF FORFEITURE, FINAL AS TO DEFENDANT**[1] |

The United States requests that this Court enter a Preliminary Order of Forfeiture.

The record establishes: (a) the requisite nexus between the property subject to forfeiture and the offense, as required by Federal Rule of Criminal Procedure 32.2, and (b) a sufficient factual and legal basis for forfeiture.

The Preliminary Order of Forfeiture should include, but not be limited to, the following Subject Property and any Substitute Assets.

---

[1] A Preliminary Order of Forfeiture is final as to the Defendant. Fed. R. Crim. P. 32.2(b)(4). Thus, in some cases, a Final Order of Forfeiture is unnecessary. In other cases, the United States will seek a Final Order of Forfeiture to resolve third party interests or other issues.

**MOTION FOR PRELIMINARY ORDER OF FORFEITURE, FINAL AS TO DEFENDANT - 1**

**Subject Property**:

1. Approximately 7.83777659 BTC (bitcoin) seized using seed words beginning with dilemma and ending with gauge seized on or about January 19, 2021.

**Nexus and Factual Basis for Forfeiture**

The Defendant pleaded guilty to counts one and two of the Superseding Indictment, in violation of 21 U.S.C. § § 841(a)(1), (b)(1)(C), and 846 and 18 U.S.C. § 1956, respectively. (Plea Agreement and Plea Hearing Minutes, ECF Nos. 129 and 136.)  Defendant admits that while he was in prison, he used a contraband cell phone to communicate with other members of the conspiracy about trafficking drugs and receiving payment for the drugs.  (Plea Agreement, ECF No. 129.)  Defendant admits that some of the drug proceeds were converted into cryptocurrency, such as the Subject Property, controlled by Defendant, and others, and that the intent was to help conceal the nature, location, source, and ownership of the drug proceeds. (Plea Agreement, ECF No. 129.)  He admits that the Subject Property was involved in the money laundering.  *Id*

**Statutory Authority**

The Court's forfeiture authority originates from 21 U.S.C. § 853, which provides that, when imposing sentence on any person convicted of a violation of 21 U.S.C. § 841 or 846, the defendant shall forfeit, and the Court shall order forfeited to the United States:

> any property, constituting, or derived from, any proceeds the person obtained, directly or indirectly, as a result of such violation [and] any of the person's property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of, such violation . . . .

The Court's forfeiture authority also originates from 18 U.S.C. § 982(a)(1), which provides that, when imposing sentence on any person convicted of a violation of 18 U.S.C. § 1956, the Court shall order that the person forfeit to the United States any property, real or

**MOTION FOR PRELIMINARY ORDER OF FORFEITURE, FINAL AS TO DEFENDANT - 2**

personal, involved in such offense, or any property traceable to such property.

**Substitute Assets**:  Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, "or any other property of the defendant" up to the value of the defendant's assets subject to forfeiture.  The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

    a.    Cannot be located upon the exercise of due diligence;

    b.    Has been transferred or sold to, or deposited with, a third person;

    c.    Has been placed beyond the jurisdiction of the court;

    d.    Has been substantially diminished in value; or

    e.    Has been commingled with other property which cannot be divided without difficulty.

If the United States seeks a Final Order of Forfeiture, the United States will provide written notice to all known third parties asserting a legal interest in the above-described property and will publish notice for thirty consecutive days on www.forfeiture.gov of the Court's Preliminary Order of Forfeiture and the United States' intent to dispose of the property.

WHEREFORE, the United States respectfully requests that this Court enter judgment of criminal forfeiture by issuing the Preliminary Order of Forfeiture, forfeiting to the United States of America the interest of the above-captioned defendant(s) in the above-described property and property set out in the forfeiture allegation of the charging document.

It is further requested that this Court authorize the United States Attorney General (or a designee) to seize immediately the above-described property and subsequently to dispose of it according to law.

**MOTION FOR PRELIMINARY ORDER OF FORFEITURE, FINAL AS TO DEFENDANT - 3**

The United States further requests authorization, pursuant to Criminal Rule 32.2(b)(3) and 32.2(c)(1)(B), to conduct any discovery, including interrogatories and depositions, necessary: (1) to identify, locate or dispose of the property ordered forfeited herein, any property traceable thereto, or any property that may be forfeited as substitute assets; and (2) to expedite ancillary proceedings related to any third party interests claimed pursuant to § 853(n).

Pursuant to Criminal Rule 32.2(b)(4), this Preliminary Order of Forfeiture shall be final as to the defendant, made a part of the sentence, and included in the judgment at the time of sentencing.

A proposed preliminary order of forfeiture is being submitted to the Court via email.

Respectfully submitted this 8th day of August, 2023.

>JOSHUA D. HURWIT
>UNITED STATES ATTORNEY
>By:
>
>*/s/ William M. Humphries*
>WILLIAM M. HUMPHRIES
>Assistant United States Attorney

**MOTION FOR PRELIMINARY ORDER OF FORFEITURE, FINAL AS TO DEFENDANT - 4**