UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL ROBERT OSBORN,<br><br>　　　　Defendant. | Case No. 1:21-cr-00158-DCN-001<br><br>**PRELIMINARY ORDER OF FORFEITURE, FINAL AS TO DEFENDANT**[1] |

This matter comes before the Court on the United States' Motion for Preliminary Order of Forfeiture, Final as to Defendant. Dkt. 167.

The Court finds that the Motion and the record establish: (a) the requisite nexus between the property subject to forfeiture and the offense, as required by Federal Rule of Criminal Procedure 32.2, and (b) a sufficient factual and legal basis for forfeiture to include, but not be limited to, the following Subject Property and any Substitute Assets.

**Subject Property:**

1. Approximately 7.83777659 BTC (bitcoin) seized using seed words beginning with dilemma and ending with gauge seized on or about January 19, 2021.

---

[1] A Preliminary Order of Forfeiture is final as to the Defendant. Fed. R. Crim. P. 32.2(b)(4). Thus, in some cases, a Final Order of Forfeiture is unnecessary. In other cases, the United States will seek a Final Order of Forfeiture to resolve third party interests or other issues.

PRELIMINARY ORDER OF FORFEITURE - FINAL TO DEFENDANT - 1

### Nexus and Factual Basis for Forfeiture

The Defendant pleaded guilty to counts one and two of the Superseding Indictment, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846 and 18 U.S.C. § 1956, respectively. (Plea Agreement and Plea Hearing Minutes, Dkts. 129 and 136.) Defendant admits that while he was in prison, he used a contraband cell phone to communicate with other members of the conspiracy about trafficking drugs and receiving payment for the drugs. (Plea Agreement, Dkt. 129.) Defendant admits that some of the drug proceeds were converted into cryptocurrency, such as the Subject Property, controlled by Defendant, and others, and that the intent was to help conceal the nature, location, source, and ownership of the drug proceeds. (Plea Agreement, Dkt. 129.) He admits that the Subject Property was involved in the money laundering. *Id*

### Statutory Authority

The Court's forfeiture authority originates from 21 U.S.C. § 853, which provides that, when imposing sentence on any person convicted of a violation of 21 U.S.C. § 841 or 846, the defendant shall forfeit, and the Court shall order forfeited to the United States:

> any property, constituting, or derived from, any proceeds the person obtained, directly or indirectly, as a result of such violation [and] any of the person's property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of, such violation . . . .

The Court's forfeiture authority also originates from 18 U.S.C. § 982(a)(1), which provides that, when imposing sentence on any person convicted of a violation of 18 U.S.C. § 1956, the Court shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

PRELIMINARY ORDER OF FORFEITURE - FINAL TO DEFENDANT - 2

**Substitute Assets**: Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government may seek forfeiture of substitute assets, "or any other property of the defendant" up to the value of the property subject to forfeiture. The government may do so when the property subject to forfeiture:

a. Cannot be located upon the exercise of due diligence;

b. Has been transferred or sold to, or deposited with, a third party;

c. Has been placed beyond the jurisdiction of the court;

d. Has been substantially diminished in value; or

e. Has been commingled with other property which cannot be divided without difficulty.

The United States Attorney General (or a designee) is authorized to seize the Subject Property in accordance with Criminal Rule 32.2(b)(3).

The United States is further authorized, pursuant to Criminal Rule 32.2(b)(3) and 32.2(c)(1)(B), to conduct any discovery, including depositions and interrogatories intended to: (a) identify, locate or dispose of the property ordered forfeited herein, any property traceable thereto, or any property that may be forfeited as substitute assets; or (b) expedite ancillary proceedings related to any third-party interests claimed pursuant to 21 U.S.C. § 853(n).

The United States Attorney General (or a designee) is hereby authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

If the United States seeks a Final Order of Forfeiture, it shall provide the required notice, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and 21 U.S.C. § 853(n).

The United States may publish on an official government internet site ([www.forfeiture.gov](www.forfeiture.gov)) for at least thirty (30) consecutive days, pursuant to Supplemental Rule G(4)(a)(iv)(C). The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property, other than the above-named defendant(s), pursuant to Supplemental Rule G(4)(b) and 21 U.S.C. § 853(n)(1).

Any person asserting a legal interest in the Subject Property, or other forfeited property, must file a claim with the Court within the applicable deadlines. Otherwise, the claim will be waived and lost. Supplemental Rule G contains specific deadlines, but typically the deadline to file a claim is no later than sixty days after first publication or thirty days after receipt of notice, whichever is earlier. Any claim must be signed under the penalty of perjury and must meet the statutory and Rule requirements, including those in § 853(n) and Supplemental Rule G(5).

The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests. If no third-party files a timely claim, this Preliminary Order of Forfeiture becomes final as to third parties, pursuant to Criminal Rule 32.2(c)(2).

The Preliminary Order of Forfeiture terminates a defendant's rights. Thus, a defendant may not participate in the ancillary proceeding. This Preliminary Order of

PRELIMINARY ORDER OF FORFEITURE - FINAL TO DEFENDANT - 4

Forfeiture is part of the sentence and shall be included in the judgment. *See* Criminal Rule 32.2(b)(4).

This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Criminal Rule 32.2(e).

DATED: August 22, 2023

_____
David C. Nye
Chief U.S. District Court Judge